**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.C. on behalf of K.C., <br><br> Plaintiff, <br><br> v. <br><br> TRENTON PUBLIC SCHOOL DISTRICT BOARD OF EDUCATION and FOUNDATION ACADEMY CHARTER SCHOOL, <br><br> Defendants. | Civil Action No. 23-04052 (GC) (RLS) <br><br> **MEMORANDUM & ORDER** |

**CASTNER, U.S.D.J.**

**THIS MATTER** comes before the Court upon its review of the parties' letter briefs filed in response to the Court's August 16, 2023 Order, which directed the parties to show cause why this action should not be dismissed on the ground of mootness or for lack of subject-matter jurisdiction. (ECF Nos. 14-16.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, this case is **DISMISSED** without prejudice.

**I.    BACKGROUND**

This action arises from a dispute as to where K.C., a seven-year-old child with autism and other disabilities, will attend school while the Trenton Public School District Board of Education ("BOE") challenges the placement of K.C. at the private Honor Ridge Academy.

On July 28, 2023, Plaintiff A.C. (K.C.'s father) filed on K.C.'s behalf a Verified Complaint and Application for Emergency Injunctive Relief, which asked this Court to review and reverse the July 13, 2023 Order of the Administrative Law Judge ("ALJ") that had determined, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, that K.C. should "stay put" at the Foundation Academy Charter School pending a due process determination.[1] (ECF Nos. 1 & 2.) Plaintiff argued that the ALJ had erred and that the IDEA's "stay put" provisions dictate that K.C. remain at Honor Ridge Academy, not Foundation Academy Charter School, because Honor Ridge was K.C.'s current educational placement under the child's Individualized Education Plan ("IEP"). (ECF No. 2-1 at 19-20.[2])

Following service of process, the Court set a briefing schedule for Defendants to respond to the emergent motion and for Plaintiff to reply. (ECF No. 8.) However, before opposition to Plaintiff's motion was filed, the ALJ considered a renewed emergent application[3] and on August 9, 2023, granted Plaintiff the relief sought herein, *i.e.*, finding that K.C. should "stay put" at Honor

---

[1] The IDEA "requires participating states to provide disabled children with a free and appropriate education." *Gloucester Twp. Bd. of Educ. v. E.N. on Behalf of A.N.*, Civ. No. 21-939, 2022 WL 1104848, at *1 (D.N.J. Apr. 13, 2022) (citing 20 U.S.C. § 1412(a)(1)(A)). The statute "establishes an elaborate procedural mechanism to protect the rights of those children." *Red Bank Bd. of Educ. v. J.Z.*, Civ. No. 15-5268, 2015 WL 4773392, at *2 (D.N.J. Aug. 13, 2015). The "stay put" provisions of the IDEA require that, "during the pendency of any proceedings . . . , unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child." 20 U.S.C. § 1415(j). "The administrative process delineated under the IDEA 'provide[s] parents with an avenue to file a complaint and to participate in an impartial due process hearing with respect to any matter relating to the identification, evaluation, or educational placement of the[ir] child, or the provision of a free appropriate public education to such child.'" *E.O. v. Teaneck Bd. of Educ.*, Civ. No. 20-4803, 2020 WL 4559083, at *1 (D.N.J. Aug. 7, 2020) (quoting *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 272 (3d Cir. 2014)).

[2] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3] The renewed motion for emergent relief is dated July 26, 2023, two days before Plaintiff initiated this action. (ECF No. 10 at 3-28.)

2

Ridge Academy with transportation until the BOE's due process petition is resolved. (ECF No. 12.) The July 13, 2023 Order that was challenged by Plaintiff is now superseded by the August 9, 2023 Order, which states that the later "order on application for emergency relief shall remain in effect until issuance of the decision in the matter." (*Id.* at 19.)

Two days after the ALJ's August 9, 2023 Order, the BOE opposed Plaintiff's emergent motion in this case and filed a motion styled "Cross-Motion for Declaratory Judgment and/or Summary Judgment." (ECF Nos. 10 & 11.) The BOE's cross-motion asks the Court to declare, among other things, that the ALJ's August 9, 2023 Order "is both factually and legally invalid and must be vacated" and that the "Trenton Public Schools [are] not . . . ordered to pay private placement tuition or private placement transportation for student K.C. during the pendency of th[e] [administrative] matter." (ECF No. 11 at 1-2.) The BOE writes that "should a declaratory judgment not issue or summary judgment not be granted in its favor in this matter," it will appeal the August 9, 2023 Order "to the Appellate Division" of the New Jersey Superior Court. (ECF No. 10 at 5.) Plaintiff replied on August 15, 2023, asking the Court to deny the BOE's cross-motion and, if necessary, to affirm the ALJ's August 9, 2023 Order. (ECF No. 13 at 20.)

After reviewing the papers, the Court issued an Order on August 16, 2023, directing the parties to show cause why this matter should not be dismissed on the ground of mootness or for lack of subject-matter jurisdiction. (ECF No. 14.) The Court emphasized that the ALJ's "August 9, 2023 decision granted Plaintiff the emergent relief requested and . . . the issues raised in Plaintiff's Motion and Complaint [appeared] . . . moot." (*Id.* at 2.) The Court also questioned "whether it has jurisdiction to decide the issues raised in Defendant BOE's August 11, 2023 Cross-Motion" in light of precedent holding that exhaustion of the IDEA administrative process is ordinarily required for a district court to exercise jurisdiction in such a case. (*Id.* (citing *Wellman v. Butler Area Sch. Dist.*, 877 F.3d 125, 130 (3d Cir. 2017)).)

3

The parties filed responses on August 21 and 22, 2023. (ECF Nos. 15 & 16.) Plaintiff writes that the ALJ error that prompted the Complaint in the present case "has been . . . corrected . . . . Aside from [the BOE's] cross-motion, the parties have no reason to be before this Court at this time." (ECF No. 15 at 2.) The BOE spends a substantial portion of its response attacking the ALJ's August 9, 2023 Order, and it asks the Court to grant declaratory judgment in its favor by vacating the order. (ECF No. 16.)

## II.      SUBJECT MATTER JURISDICTION

Although district courts "have federal question jurisdiction pursuant to 28 U.S.C. § 1331 for claims under the IDEA," this jurisdiction is normally "subject to the requirement that administrative remedies have been exhausted." *Gloucester Twp. Bd.*, 2022 WL 1104848, at *1; *see also Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 272 (3d Cir. 2014) ("In the normal case, exhausting the IDEA's administrative process is required in order for the statute to 'grant[] subject matter jurisdiction to the district court.'" (quoting *Komninos by Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 778 (3d Cir. 1994))).

Nevertheless, federal courts have "accept[ed] jurisdiction of stay put disputes, and the [Third Circuit] Court of Appeals has expressed no concern about the jurisdictional basis." *Cinnaminson Twp. Bd. of Educ. v. K.L.*, Civ. No. 16-3586, 2016 WL 4212121, at *3 (D.N.J. Aug. 9, 2016) (Bumb, C.J.) (quoting *R.S. v. Somerville Bd. of Educ.*, Civ. No. 10-4215, 2011 WL 32521, at *7 (D.N.J. Jan. 5, 2011)); *see also Teaneck Bd. of Educ.*, 2020 WL 4559083, at *3 ("Weight of authority supports . . . argument that exhaustion is unnecessary" when challenging "stay put" order.).

Based on this precedent, this Court can exercise jurisdiction over a challenge to a "stay put" order notwithstanding that administrative proceedings remain ongoing.

## III.   DISCUSSION

### A. Mootness

"Mootness asks whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." *Capozzi v. Bledsoe*, 560 F. App'x 157, 159 (3d Cir. 2014) (quoting *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 596 (3d Cir. 2010)). "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Id.* Mootness is a jurisdictional issue that may be addressed by a court *sua sponte*. *Chong v. Dist. Dir., I.N.S.*, 264 F.3d 378, 383 (3d Cir. 2001) (citing *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1108 n.8 (3d Cir. 1985)).

Here, there is no legitimate dispute that the August 9, 2023 Order of the ALJ rendered moot the relief requested by Plaintiff's Verified Complaint and Emergent Motion. (*See* ECF Nos. 1 & 2.) The ALJ reconsidered its July 13, 2023 decision in light of Plaintiff's additional evidence and legal argument, and it granted the relief Plaintiff had requested: finding that K.C.'s stay-put institution is Honor Ridge Academy, not the Foundation Academy Charter School. (ECF No. 12 at 14 ("[T]he only logical placement for this student is to remain where he is at Honor Ridge until the conclusion of any purported due process filed in this case. I will not disrupt the student's education.").) Thus, as a result of the August 9, 2023 Order, Plaintiff's appeal of the July 13, 2023 Order is no longer at issue. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). Indeed, Plaintiff's August 21, 2023 letter indicates that nothing further is requested from this Court at this time. (*See* ECF No. 15 at 2 ("The error has

been acknowledged and corrected by the OAL. . . . [T]he parties have no reason to be before this Court.").)

The only question that remains, then, is whether the Court can adjudicate the issues raised in the BOE's August 11, 2023 Cross-Motion before dismissing the case as moot.

### B. BOE's Cross-Motion for Declaratory Judgment

In its cross-motion, the BOE invokes the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, and asks the Court to enter a declaratory judgment in its favor by, among other things, vacating the ALJ's August 9, 2023 Order and finding that the BOE does not have to pay for private placement of K.C. at Honor Ridge Academy. (*See* ECF No. 11.) The Court cannot do so.

The BOE did not file a pleading with a DJA claim,[4] and it is well-settled that a federal court cannot grant DJA relief when it is requested solely via motion practice. *See Lindsay v. Pennsylvania State Univ.*, Civ. No. 06-01826, 2008 WL 1376273, at *3 (M.D. Pa. Apr. 9, 2008) ("[A] declaratory judgment is sought by a petition or a complaint, not by a motion. . . . Rule 57 of the Federal Rules of Civil Procedure simply states that the Federal Rules of Civil Procedure govern the procedure for obtaining a judgment under the Declaratory Judgment Act. It does not provide a basis for making a motion." (collecting cases)); *see also Arizona v. City of Tucson*, 761 F.3d 1005, 1010 (9th Cir. 2014) ("A request for declaratory relief is properly before the court when it is pleaded in a complaint for declaratory judgment. Requests for declaratory judgment are not properly before the court if raised only in passing, or by motion."); *Workman v. City of Syracuse*, Civ. No. 12-00382, 2015 WL 300435, at *2 (N.D.N.Y. Jan. 22, 2015) ("The request for a 'declaratory judgment,' made only by way of motion, is not properly before the Court."); 26 C.J.S.

---

[4]   The BOE did not answer Plaintiff's July 28, 2023 Complaint or file any counterclaims.

6

Declaratory Judgments § 148 (Aug. 2023) ("An issue not raised in the complaint will not be addressed without amendment of the complaint.").

Accordingly, the BOE's motion seeking a declaratory judgment without a claim having been asserted in a pleading must be denied because the request is not properly before the Court.

### C. BOE's Cross-Motion for Summary Judgment

As to the BOE's alternative request that the Court vacate the ALJ's August 9, 2023 Order through summary judgment, that too is flawed.

Preliminarily, the Court notes that the BOE did not include a separate statement of undisputed material facts with its purported summary judgment motion, and this omission alone is reason to deny the BOE's application for summary judgment. *See* L. Civ. R. 56.1(a) ("A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed. . . . Each statement of material facts shall be a separate document (not part of a brief) and shall not contain legal argument or conclusions of law.").

Substantively, the BOE's attempt to vacate the ALJ's August 9, 2023 Order through summary judgment fails for effectively the same reason as the attempt to obtain a declaratory judgment: there is no claim that has been pled that would enable the Court to enter such judgment in the BOE's favor. Plaintiff's July 28, 2023 Complaint addresses only the July 13, 2023 Order of the ALJ, and that pleading has not been amended to encompass the August 9, 2023 Order nor has the BOE filed any counterclaims. This Court cannot grant summary judgment in the BOE's favor on a claim that was never pled. *See Michelson v. Exxon Rsch. & Eng'g Co.*, 808 F.2d 1005, 1009 (3d Cir. 1987) ("We have a problem with the notion of granting summary judgment on a claim that was never pleaded."); *Lawshe v. Squeri*, Civ. No. 03-3506, 2010 WL 276232, at *10 (D.N.J. Jan. 19, 2010) (Walls, J.) ("[Litigants] . . . are not permitted to first introduce a cause of action . . . at the summary judgment stage . . . ."); *Triple Crown Am., Inc. v. Biosynth AG*, Civ. No.

96-7476, 1999 WL 305342, at *3 (E.D. Pa. May 14, 1999) ("It is difficult to grant summary judgment on a claim which has not been pled.").

Accordingly, the BOE's motion for summary judgment must also be denied because there is no claim challenging the August 9, 2023 Order properly before the Court on which summary judgment could be granted.

For the reasons set forth above, and other good cause shown, **IT IS** on this 7th day of September, 2023, **ORDERED** as follows:

1. This case is **DISMISSED** without prejudice as moot.

2. The BOE may file a challenge to the August 9, 2023 Order of the Administrative Law Judge in accordance with the applicable rules.

3. The Clerk is directed to **CLOSE** this case.

*Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE